# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN TECHNICAL CERAMICS CORP. and AVX CORPORATION<br><br>Plaintiffs,<br><br>vs.<br><br>PRESIDIO COMPONENTS, INC.<br><br>Defendant. | CIVIL NO.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs American Technical Ceramics Corp. ("ATC") and AVX Corporation ("AVX") (collectively "Plaintiffs"), by their attorneys, Mintz Levin Cohn Ferris Glovsky and Popeo P.C. and Nutter, McClennen & Fish LLP, as and for its Complaint against Defendant Presidio Components, Inc. ("Presidio" or "Defendant") allege as follows:

## JURISDICTION AND VENUE

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 et seq.

2.      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1391(b), and (c) and 1400(b).

## PARTIES

4.      Plaintiff ATC is a Delaware corporation having its principal place of business at 1 Norden Lane, Huntington Station, New York 11746.

5.      Plaintiff AVX is a Delaware corporation having its principal place of business at One AVX Boulevard, Fountain Inn, South Carolina 29644.

6.      Upon information and belief, Defendant Presidio is a California corporation having its principal place of business at 7169 Construction Court, San Diego, California 92121. Upon further information and belief, Presidio is doing business in this judicial district, either directly or through a distribution network, and is committing acts of patent infringement in this judicial district and elsewhere in the United States.

## COUNT I

### (Infringement of U.S. Patent No. 6,337,791)

7.      The allegations of paragraphs 1–6 above are incorporated by reference as if fully set forth herein.

8.      This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. § 271 et seq.

9.      ATC owns U.S. Patent No. 6,337,791 ("the '791 patent"), which was duly and legally issued on January 8, 2002 and is entitled "Capacitor Featuring Internal Electrode With Pad." Richard Monsorno is listed as the sole inventor of the '791 patent.  A copy of the '791 Patent is attached hereto as Exhibit 1.

10.     In violation of ATC's patent rights under the '791 Patent, Presidio has been and is infringing one or more of the claims of the '791 Patent by importing, making, using, selling and/or offering for sale certain of its capacitors, including, but not limited to, its Surface Mount Buried Broadband Capacitors and Surface Mount Buried Single Layer Capacitors, in this judicial district and elsewhere in the United States, all without the authorization or consent of ATC.

11.     Presidio knew of the existence of the '791 patent at least as early as February 11, 2005, when it disclosed the '791 patent to the PTO during prosecution of its own patent application which later issued as U.S. Patent No. 7,035,080.  On information and belief, Presidio is actively monitoring and analyzing other capacitor manufacturers' patents and products, including ATC's, and keeps such technological developments in mind when designing and customizing its own products.  Despite an objectively high likelihood that its actions constitute or are highly likely to constitute infringement of the '791 patent given Presidio's actual knowledge of the '791 patent and its practice of developing capacitors, Presidio continues to import, make, use, sell or offer for sale certain of its capacitors, including, but not limited to, its Surface Mount Buried Broadband Capacitors and Surface Mount Buried Single Layer Capacitors, in violation of ATC's patent rights in the '791 patent.  Accordingly, Presidio's acts of infringement are willful.

12.     Presidio's acts of infringement have left ATC with no adequate remedy at law and have caused, are causing, and if not enjoined will continue to cause, irreparable damage to ATC.

13.     Presidio's acts of infringement have caused and continue to cause ATC to suffer damages in an amount to be determined at trial.

## COUNT II

### (Infringement of U.S. Patent No. 6,992,879)

14.     The allegations of paragraphs 1–13 above are incorporated by reference as if fully set forth herein.

15.     This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. § 271 et seq.

16.     ATC owns U.S. Patent No. 6,992,879 ("the '879 patent"), which was duly and legally issued on January 31, 2006 and is entitled "Capacitor With Buried Electrode."  Richard

Monsorno is listed as the sole inventor of the '879 patent.  A copy of the '879 Patent is attached hereto as Exhibit 2.

17.     In violation of ATC's patent rights under the '879 Patent, Presidio has been and is infringing one or more of the claims of the '879 Patent by importing, making, using, selling and/or offering for sale certain of its capacitors, including, but not limited to, its Surface Mount Buried Broadband Capacitors, in this judicial district and elsewhere in the United States, all without the authorization or consent of ATC.

18.     On information and belief, Presidio knew of the existence of the '879 patent on or about the time of its issuance on January 31, 2006.   The PTO cited U.S. application publication no. 2002/0067588 corresponding to the '879 patent to Presidio during prosecution of Presidio's patent application which later issued as U.S. Patent No. 6,970,341.  On information and belief, Presidio is actively monitoring and analyzing other capacitor manufacturers' patents and products, including ATC's, and keeps such technological developments in mind when designing and customizing its own products.  Despite an objectively high likelihood that its actions constitute or are highly likely to constitute infringement of the '879 patent given Presidio's knowledge of the '879 patent and its practice of developing capacitors, Presidio continues to import, make, use, sell or offer for sale certain of its capacitors, including, but not limited to, its Surface Mount Buried Broadband Capacitors, in violation of ATC's patent rights in the '879 patent.  Accordingly, Presidio's acts of infringement are willful.

19.     Presidio's acts of infringement have left ATC with no adequate remedy at law and have caused, are causing, and if not enjoined will continue to cause, irreparable damage to ATC.

20.     Presidio's acts of infringement have caused and continue to cause ATC to suffer damages in an amount to be determined at trial.

## COUNT III

### (Infringement of U.S. Patent No. 6,144,547)

21.     The allegations of paragraphs 1–20 above are incorporated by reference as if fully set forth herein.

22.     This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. § 271 et seq.

23.     AVX owns U.S. Patent No. 6,144,547 ("the '547 patent"), which was duly and legally issued on November 7, 2000 and is entitled "Miniature surface mount capacitor and method of making same." Gennady Retseptor is listed as the sole inventor of the '547 patent. ATC is the exclusive licensee of the '547 patent with the right to sue for past and present infringement. A copy of the '547 Patent is attached hereto as Exhibit 3.

24.     In violation of ATC's patent rights under the '547 Patent, Presidio has been and is infringing one or more of the claims of the '547 Patent by importing, making, using, selling and/or offering for sale certain of its capacitors, including, but not limited to, its Surface Mount Buried Broadband Capacitors and Surface Mount Buried Single Layer Capacitors, in this judicial district and elsewhere in the United States, all without the authorization or consent of Plaintiffs.

25.     Presidio's acts of infringement have left Plaintiffs with no adequate remedy at law and have caused, are causing, and if not enjoined will continue to cause irreparable damage to Plaintiffs.

26.     Presidio's acts of infringement have caused and continue to cause Plaintiffs to suffer damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray that the Court:

A.     Enter judgment that Presidio has infringed, and continues to infringe, U.S. Patents

Nos. 6,337,791, 6,992,879 and 6,144,547;

     B.     Enter judgment that Presidio's acts of patent infringement are willful;

     C.     Permanently enjoin Presidio, its parents, subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives, all individuals and entities in active concert and/or participation with it, and all individuals and/or entities within its control from engaging in the aforesaid unlawful acts of infringement;

     D.     Order Presidio to account for and pay to Plaintiffs all damages caused to Plaintiffs by Presidio's unlawful acts of patent infringement;

     E.     Award Plaintiffs increased damages and attorney fees pursuant to 35 U.S.C. §§ 284 and 285;

     F.     Award Plaintiffs the interest and costs incurred in this action; and

     G.     Grant Plaintiffs such other and further relief as the Court may deem just and proper.

**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**

Dated: November 6, 2014     By: _____

Marvin S. Gittes, Esq. (MG - 6112)
Timur E. Slonim, Esq. (TS - 0915)
Peter F. Snell, Esq. (PS - 0796)
Brad M. Scheller, Esq. (BD - 4603)
666 Third Avenue
New York, New York 10017
Tel.: (212) 935-3000
Fax: (212) 983-3115

Attorneys for Plaintiffs AMERICAN TECHNICAL CERAMICS CORP. and AVX CORPORATION

*OF COUNSEL:*

Ronald E. Cahill, Esq.
E-mail: rcahill@nutter.com
Heather Repicky, Esq.
E-mail: hrepicky@nutter.com
**NUTTER, MCCLENNEN & FISH LLP**
Seaport West
155 Seaport Boulevard,
Boston, MA 02210
Telephone:  (617) 439-2782
Facsimile:   (617) 310-9782