# MINTZ LEVIN

| Brad M. Scheller | Direct Dial: (212) 692-6761 | bmscheller@mintz.com
*Member*

Chrysler Center
666 Third Avenue
New York, NY 10017
212-935-3000
212-983-3115 fax
www.mintz.com

June 29, 2015

**VIA ECF**
Honorable Gary R. Brown
United States District Court for the
   Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722-9014

    Re:   *American Technical Ceramics Corp. et al. v. Presidio Components, Inc.*
           Case No 2:14-cv-06544-KAM-GRB

Dear Judge Brown:

      We represent Plaintiffs American Technical Ceramics Corp. (ATC) and AVX Corporation (AVX) in this matter and respectfully submit this letter in response to the filing made by Mr. Brett Schatz, counsel for Defendant Presidio Components, Inc., with the Court last Friday. Presidio's submission was made without Plaintiffs' consent, without complying with Your Honor's order and rules on meeting and conferring and improperly includes both a 17-page opening brief and a corresponding written decision from a different case that, in effect, advocates Presidio's stay motion ahead of any briefing schedule being set by this Court. Plaintiffs' respectfully submit that this filing was procedurally improper and prejudices Plaintiffs by prematurely submitting attorney argument on Presidio's motion. It should be stricken from the record.

      On Thursday, June 25, the Court ordered the parties to meet and confer and submit a proposed briefing schedule concerning Presidio's motion to stay this case. That same day, Mr. Schatz sent Plaintiffs' counsel two emails separately proposing due dates for the briefs (*see* Exh. A) and page limits (*see* Exh. B) contrary to the requirements set forth in Section III.B of Your Honor's Individual Practice Rules for non-dispositive motions. Mr. Schatz did so without as much as acknowledging this inconsistency, let alone requesting an exception from these requirements. Heeding Mr. Schatz' imposed deadline of noon the next day, Plaintiffs' counsel promptly responded the following morning (Friday, June 26), informing Mr. Schatz that Presidio's motion to stay was a non-dispositive motion that must be briefed by way of a letter motion in accordance with Your Honor's practice rules. Although contrary to the schedule for letter motions required by Section III.B of Your Honor's Individual Practice Rules, Plaintiffs at that time were prepared to compromise on Presidio's request for an extended briefing timeline. That afternoon, Mr. Schatz left a voice message at 3:10 PM EST for Plaintiffs' counsel and sent an email at 3:14 PM EST asking Plaintiffs to accept a 10-page limit for Presidio's opening brief. Less than three hours later at 6:08 PM EST—without waiting to hear from Plaintiffs' counsel, let

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Honorable Gary R. Brown
June 29, 2015
Page 2

alone meet and confer about (i) whether Plaintiffs would accept Presidio's 10-page limit proposal or (ii) whether Plaintiffs would still agree to Presidio's proposed briefing schedule in view of Presidio's new page-limit request—Mr. Schatz filed what is now Docket No. 37. Exhibits A and B appended hereto disclose the parties' correspondence.

In addition to ignoring the procedures set forth in Your Honor's June 25 Order and Individual Practice Rules directing the parties to meet and confer and submit an agreed-upon briefing schedule, Presidio's submission is substantively a disguised attempt to put a recent decision by Magistrate Judge Locke—*Think Prods., Inc. v. ACCO Brands Corp.*, 2:14-cv-06659 (Dkt. No. 31)—prematurely before this Court in support of its stay motion.

That Defendant's motion in *Think Prods* was 10 pages long and therefore allegedly supports Presidio's request for additional pages is a red herring. Unlike this Court's Individual Practice Rules, Judge Locke's rules explicitly provide for 10-page briefs for non-dispositive motions. Mr. Schatz argues that "page limits in excess of three pages are required to comprehensively address the relevant issues. By way of example … Presidio intends to cite [the *Think Products* case]," but makes no real connection between Presidio's alleged need for 10 pages and its plan to cite that case in its motion. The parties have already submitted letter briefs to Judge Matsumoto on the stay issue. Plaintiffs believe these letter briefs are more than sufficient to fully address the relevant issues. Nothing factually has changed between the parties since the letters were submitted earlier this month, and Plaintiffs see no reason (nor has Presidio provided one) why seven additional pages are needed to discuss one particular case.

Plaintiffs therefore respectfully request that Docket No. 37 be stricken from the docket and that the parties be ordered to proceed under Section III.B of Your Honor's Individual Practice Rules and submit letter briefs in accordance with the page limit requirements stated therein.

Respectfully submitted,

*Brad M. Scheller*
Brad M. Scheller

cc:     Counsel of Record (via e-mail)