

Chrysler Center
666 Third Avenue
New York, NY 10017
212-935-3000
212-983-3115 fax
www.mintz.com

| Marvin S. Gittes |   Direct Dial: (212) 692-6247  |  msgittes@mintz.com
*Member*

July 13, 2015

**VIA ECF**
Honorable Gary R. Brown
United States District Court
   Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

> Re:   *Am. Tech. Ceramics Corp. et al. v. Presidio Components, Inc.*
>        Case No 2:14-cv-06544-KAM-GRB

Dear Judge Brown:

      Mintz Levin and Nutter, McClennen & Fish LLP represent Plaintiffs American Technical Ceramics Corp. and AVX Corporation (together "ATC") and respectfully oppose Defendant Presidio Components, Inc.'s motion to immediately stay this case, even before the PTO has decided any of the IPR petitions. Presidio's request is premature, rife with speculation and directly contrary to its positions in *Presidio v. ATC*, 3:14-cv-02061 ("the California case"), now pending before Judge Huff in the Southern District of California.

      Presidio filed the California case on September 2, 2014, alleging that ATC's 550 capacitors infringe U.S. Patent No. 6,816,356 ("the '356 Patent"). The California case is the second suit brought by Presidio against ATC alleging infringement of the '356 patent. ATC is not litigious and prefers competition in the marketplace to litigation. But Presidio's serial lawsuits and refusals to negotiate a global peace have given ATC little choice but to protect its own products, reputation and market share. ATC filed the instant action here where American Technical Ceramics Corp. is headquartered on November 6, 2014 to enforce three of its own patents against Presidio's infringing buried broadband (BB) and buried single layer (SL) capacitors. Both cases have progressed significantly since filing.

      Now, without waiting for the PTO to declare whether it plans to grant *any* of its IPR petitions, Presidio seeks an immediate stay of this action. Speculating that review is likely to be granted, Presidio professes that it is equitable for ATC to wait several years for its day in court, while the IPRs proceed and it continues selling the infringing BBs, which Presidio itself argues directly compete with ATC's 550s. The tactical nature of Presidio's stay request is clear from its conduct in the California case. That is, the '356 patent asserted in that action is already under review by the PTO, with all challenged claims currently rejected. Yet Presidio has *not* moved to stay *that* case. In fact, it *opposed* a stay, exclaiming that because its BBs directly compete with ATC's 550s, Presidio would be irreparably harmed if denied a "just, speedy, and inexpensive determination" on infringement. (Ex. A at 2).

      Presidio should not be allowed to have it both ways. It should not be permitted to move forward with enforcing its patent to exclude ATC from selling its 550s while seeking to deny

---

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**
NEW YORK | BOSTON | WASHINGTON | STAMFORD | LOS ANGELES | LONDON

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.

Honorable Gary R. Brown
July 13, 2015
Page 2

ATC the opportunity to enforce its own rights against Presidio's infringing BBs (*before* the IPR petitions are even decided) simply because it is now on defense.

Presidio makes no mention here of its successful opposition of a stay in the California case. Instead it directs the Court to alleged claims of delay by ATC. But there has been no such delay, either before or during this case. ATC filed its complaint within weeks of learning of Presidio's infringement of the asserted patents. Presidio presents no evidence to the contrary. It merely states that Plaintiffs "knew about" *one* of the accused products in November 2001. Presidio does not connect the accused products with any of the asserted patents, nor provide *any* evidence that ATC was monitoring Presidio since this time, analyzing *any* of the asserted patents for infringement or contemplating enforcing such patents against *anyone*.

Ironically, rather than seeking discovery to support its allegation, Presidio wants to halt discovery altogether. (Ex. B). ATC has and continues to push this case forward, having supplemented its interrogatory responses weeks ago, twice responded to alleged discovery issues, substantially completed all paper production and served its privilege log. Presidio on the other hand only just responded to ATC's *May 5* discovery letter on June 30. (Ex. C). The argument that ATC is delaying discovery because it plans to supplement *one* interrogatory response after filing its IPR responses (to avoid prematurely disclosing confidential validity positions in the IPR proceedings) is simply a red herring.[1]

Presidio says little in its motion to support a stay. Courts consider three factors in deciding a request to stay pending *inter partes* review: (1) whether a stay will simplify the issues and trial of the case; (2) whether a stay will prejudice the nonmoving party; and (3) the stage of the litigation. *CDX Diagnostics, Inc. v. US Endoscopy Group, Inc.*, 2014 U.S. Dist. LEXIS 84992, at *6 (S.D.N.Y. Jun. 20, 2014) (citation omitted). Here the simplification factor supports ATC, as neither this Court nor either Party knows how the PTO will decide the IPR petitions. Prejudice considerations also favor ATC, as the infringing BBs and ATC's 550s according to Presidio compete head-to-head for the same business. And clearly this case has advanced well past the "early" stages. Presidio's motion should be denied.

I. **That a Stay Might Simplify this Case is Speculation**

It is too early to know if a stay will simplify this case. The IPR petitions have not been decided by the PTO. For this reason, "the majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review." *Trover Group, Inc. v. Dedicated Micro USA*, 2015 U.S. Dist. LEXIS 29572, at *15-16 (E.D.Tex. Mar. 11, 2015) (collecting cases from 19 districts). This includes the nation's busiest patent courts[2] and the Northern and Southern Districts of New York. *PPC Broadband, Inc. v. Corning Optical Comm'n RF, LLC*, 13-1310 (N.D.N.Y. Oct. 10, 2014) (No.

---

[1] Although Presidio knew about ATC's patent assertions no later than November 6, 2014, it waited seven months to file its petitions, which rely largely on prior art that Presidio has known about for years. But in the California case, Presidio criticized ATC for waiting less than four months to file its reexamination request. Ex. A at 16. If Presidio thinks four months is undue delay, the seven months it took to file its IPR petitions highlights its own greater delay.

[2] *Novitaz, Inc. v. Shopkick, Inc.*, 14-05077 (N.D.Cal. Mar. 18, 2015) (No. 124) ("Shopkick's [stay] motion is premature … the PTAB has not yet decided whether to institute review. The mere requests for review do not simplify this matter."); *Copy Protection LLC v. Netflix, Inc.*, 14-365 (D.Del. Jun. 17, 2015) (No. 73) ("The second factor, whether a stay will simplify the issues, disfavors a stay at this time…. the IPR petition has not been instituted."); *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, 13-1112 (E.D.Tex. Apr. 27, 2015) (No. 554) ("As no petition has yet been granted, [defendant] is, in effect, asking the Court to stay this action based solely on the possibility of a hypothetical future occurrence.").

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

Honorable Gary R. Brown
July 13, 2015
Page 3

80) (denying immediate stay of litigation); *Aura Techs., LLC v. Skechers USA, Inc.*, 14-00929 (S.D.N.Y. Aug. 25, 2014) (No. 27 at 8-9) (denying stay request); *CDX*, 2014 U.S. Dist. LEXIS 84992, at *9 (denying stay "[e]specially in light of the fact that the PTO has not yet decided whether to institute proceedings"); *Rensselaer Polytechnic Inst. v. Apple Inc.*, 2014 U.S. Dist. LEXIS 5186, at *18 (N.D.N.Y. Jan. 15, 2014) ("Until the PTO acts on the pending petition, the court is unable to assess with precision to what extent, if at all, to which a decision on the petitions may serve to simplify the issues in this case.") (citation omitted).

On June 19, Magistrate Judge Locke issued what appears to be this District's first, and only, decision concerning an IPR stay motion—*Think Prods., Inc. v. Acco Brands Corp.*, 14-cv-6659 (No. 31). While a stay was granted, it was based on markedly different circumstances from those present here. In *Think Prods.*, Plaintiff made no showing of undue prejudice but admitted there was no direct competition and that it could be made whole by money damages. *Id.* at 4-6. Judge Locke also noted that no stay factors were addressed in the opposition and that, except for initial disclosures and infringement contentions, *no* discovery had yet occurred.[3] *Id.* at 4, 9. These are not the facts here. Discovery has progressed significantly and prejudice to ATC is certain based on Presidio's own allegations of direct competition.

Presidio also points to generic and outdated[4] PTO statistics on IPR petition grants. Those statistics neither modify the facts of this case, nor should they form the basis of a stay. *Boundaries Solutions, Inc. v. Corelogic, Inc.*, 2014 U.S. Dist. LEXIS 175590, at *3 (N.D.Cal. Dec. 19, 2014) ("While appreciating the statistical rate at which petitions have been granted to date, this court is unwilling to assume the PTO and its … Judges are nothing more than well-educated, well-trained rubber stamps.").[5] Current trends also show IPR grant rates falling from 87.1% to 71% over the past two and a half years. By the time the PTO decides Presidio's petitions the grant rate could be even lower. ATC also plans to file preliminary responses in each IPR, which should further increase the likelihood of petition denial.[6]

## II. A Stay Will Unduly Prejudice ATC

Presidio cannot deny that the Parties' relationship weighs against a stay under the prejudice factor. Direct competition between the parties is a primary reason for not staying litigation, as the delay in adjudicating infringement will likely have outsized consequences, including the potential loss of market share and an erosion of good will. *ADA Solutions Inc., v. Eng'd Plastics, Inc.*, 826 F.Supp.2d 348, 351 (D.Mass. 2011) ("Prejudice is heightened when parties to litigation are direct competitors; in such cases, courts presume that a stay will prejudice the non-movant.").[7] Presidio has already claimed irreparable harm from alleged infringing

---

[3] Every other case cited by Presidio in support of an immediate stay, including *Sec. People, Inc. v. Ojmar US, LLC*, 2015 U.S. Dist. LEXIS 70011, at *1 (N.D.Cal. May 29, 2015), involved a similar insufficient showing of unique prejudice by Plaintiff(s).
[4] In Exhibit G, Presidio provides PTO statistics from December 11, 2014. The PTO updates its statistics several times a month, having last done so on June 25, 2015. *See* Exhibit D showing a current grant rate of 71%, not 79%.
[5] *See Trover*, 2015 U.S. Dist. LEXIS 29572, at *13-14 (declining to extrapolate from statistics to opine on likelihood of petitions being granted, as such likelihood depends entirely on particulars of patents and disputed claims).
[6] Presidio asserts that the IPRs will simplify issues if claims are cancelled or amended. But such is true of any reexamination. In asking for stay relief now, Presidio is effectively asking the Court to determine the merits of each prior art assertion and whether the petitions advanced by Presidio are reasonably likely to streamline the issues to warrant a stay. This is not an appropriate task for this Court.
[7] "Courts are 'reluctant to stay proceedings where the parties are direct competitors' because patent infringement in that situation may not be compensable by money damages…. the possibility remains that the patent holder could lose market share or drop out of the market entirely during that period." *Card-Monroe Corp. v. Tuftco Corp.*, 2015 U.S. Dist. LEXIS 31459, at *6-7 (E.D.Tenn. Feb. 19, 2015).

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C..

Honorable Gary R. Brown
July 13, 2015
Page 4

competition between its BBs and ATC's 550s: "[T]he only two competitive products on the market are the infringing 550 capacitor and Presidio's competing BB capacitor [and so] ATC's infringement through the 550 capacitor results in irreparable harm to Presidio." Ex. A at 10.

### III. This Case is *Not* in its "Earliest Stages" and Should Go To Trial Next Year

Despite Presidio's continued discovery delays, this case has progressed significantly. The Parties have conducted a Rule 26(f) conference, exchanged initial disclosures, received a partial scheduling order, exchanged written discovery, related letters and supplementations, and served infringement and invalidity contentions. Both parties have already produced thousands of pages of documents and are currently collecting and producing ESI. It is expected that following the July 15 settlement conference the Court will issue a schedule for the remainder of the case, including dates for claim construction, the close of fact and expert discovery and trial in the first half of 2016. This factor therefore also weighs against a stay.

For at least the above reasons, Presidio's stay request should be denied.

Respectfully submitted,

Marvin S. Gittes

Enclosures
cc:     Counsel of Record