# WOOD HERRON & EVANS LLP
## intellectual property law

| | | | |
|---|---|---|---|
| J. Robert Chambers | P. Andrew Blatt, Ph.D. | Timothy D. Ardizzone, Ph.D. | Bruce Tittel * |
| Gregory J. Lunn | David E. Jefferies | David A. Fitzgerald II | David J. Josephic * |
| Clement H. Luken, Jr. | J. Dwight Poffenberger, Jr. | Paul J. Linden | Donald F. Frei * |
| Thomas J. Burger | John Paul Davis | Sean K. Owens | David S. Stallard * |
| Gregory F. Ahrens | Brett A. Schatz | Eric W. Volz | Joseph R. Jordan * |
| Wayne L. Jacobs | Sarah Otte Graber | Lisa M. A. Nolan | Kenneth B. Germain * |
| Kurt A. Summe | David W. Dorton | Patrick J. Palascak | Michael G. Frey * |
| Kevin G. Rooney | Randall S. Jackson, Jr. | Jason T. Jonovski | |
| Keith R. Haupt | Stephen E. Gillen | Richard J. Cantor | * Of Counsel |
| Theodore R. Remaklus | Lori Krafte | Alexander S. Czanik | ± Licensed in DE & NJ only |
| Thomas W. Humphrey | Glenn D. Bellamy | Elizabeth A. Conklin | |
| David H. Brinkman | Steven W. Benintendi, Ph.D. | Matthew D. Delaney | |
| Kristi L. Davidson | Charles H. Brown III | Larry D. Williams, Jr., Ph.D.± | |
| Kathryn E. Smith | Kevin E. Kuehn | | |

E-MAIL:BSCHATZ@WHE-LAW.COM

December 21, 2015

Magistrate Judge Gary R. Brown
Courtroom 840
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   ATC v. Presidio Components, Inc., U.S. District Court, Eastern District of New York, Case No. 2:14-cv-06544-KAM-GRB

Dear Judge Brown:

Defendant Presidio Components, Inc. ("Presidio") renews it previously requested Stay Pending *Inter Partes* Review of all three of the patents asserted in this case. (Docket Entry ("DE") 40). At the time Presidio filed its request for a stay, the USPTO had not yet made a decision whether to institute the *Inter Partes* Reviews on any of the three asserted patents, and the Court denied Presidio's request. (9/24/15 Electronic Order). Presidio renews its request for a stay in view of the fact that the USPTO recently decided to institute all three of the *Inter Partes* Reviews. Renewed motions to stay, like Presidio's here, are routinely granted in view of such institution decisions.

If the USPTO cancels the claims of the asserted patents, which the USPTO has determined to be "likely," then the case will be essentially over. In these circumstances the better course is to allow the USPTO to apply its expertise to these proceedings before considerable judicial resources are expended.

Pursuant to Local Civil Rule 26.4 and FRCP 37(a)(1), Presidio certifies that it has attempted to resolve this dispute with ATC through a meet and confer conference with counsel

Magistrate Judge Brown
December 21, 2015
Page 2

for ATC. Counsel for ATC represented that it would advise counsel for Presidio whether ATC would agree to the requested stay by December 18, 2015. By that date, counsel for ATC did not respond to counsel for Presidio, but rather proceeded to file its claim construction papers.

      A.      Plaintiffs Delayed 13 Years To File This Lawsuit

Plaintiffs admit they knew about the accused Presidio Surface Mount Buried Broadband capacitor "no later than November 2, 2001," more than 13 years before they filed suit. (*See* Exhibit A, Plaintiffs' Response to Interrogatory No. 4). In response, Presidio was up front about its intention to seek review of the asserted patents through the USPTO. (DE 24, at 3). As a gesture of good faith, Presidio offered to agree to not serve discovery. (*See* Exhibit B). Plaintiffs rejected Presidio's offer. *Id.*

      B.      IPRs Were Designed By Congress To Expeditiously Resolve Patent Invalidity In The Patent Office Instead Of The District Courts

The IPR petitions challenge the validity of all three asserted patents. (*See* Exhibits C-E). The USPTO recently decided to institute all three of the IPR petitions. (*See* Exhibit F-H). With the exception of only two of the asserted claims, the USPTO determined that there is a reasonable likelihood the asserted claims are not patentable. *Id.* In doing so, the USPTO effectively determined that there is a reasonable likelihood that this entire lawsuit is for naught. And, with respect to the two claims for which reviews were not instituted, there can be no ongoing infringement, if there was any in the first instance. Specifically, with respect to Claim 2 of the '791 patent, Presidio has removed all vias from its products, so that patent claim cannot be infringed if it ever was. (*See* Exhibit I, at pp. 18-19). With respect to Claim 16 of the '547 patent, Presidio has stopped selling the only product accused of infringement. *Id.*

In sum, in view of the institution decisions by the USPTO, it is likely that all asserted claims will be deemed not patentable as a result of the IPR proceedings that are now pending before the USPTO, but for two claims that can no longer be infringed. In view of the institution decisions, courts routinely grant renewed motions to stay, like Presidio's request here, as supported by two recent decisions in the past two weeks. (*See* Exhibits J, K).

This Court's inherent authority to stay exists because of the "simplification of litigation that might result from the cancellation, clarification, or limitation of claims, and, even if the reexamination did not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–28 (Fed. Cir. 1988). Moreover, "the stay of pending litigation to enable PTO review of contested patents was one of the specified purposes of the reexamination legislation." *Oakley, Inc. v. Seaver Co.*, Case No. 11-CV-2079, 2012 U.S. Dist. LEXIS 21726, at *4 (S.D. Cal. Feb. 22, 2012). IPRs are intended to "create a timely, cost-effective alternative to litigation." (*See* Exhibit L). The reviews are designed (1) to reduce to 12 months the time the PTO spends reviewing validity, from the previous reexamination average of 36 months; (2) to minimize duplicative efforts by increasing

coordination between district court litigation and inter partes review; and (3) to allow limited discovery in the review proceedings. Inter partes review allows a party other than the patentee to bring an adversarial proceeding in the PTO to establish that the patent claims are invalid under 35 U.S.C. § 102 or 103. *Wonderland Nursery Goods, Co. v. Baby Trend, Inc.*, Case No. 14-01153 (C.D. Cal. April 20, 2015) (Exhibit M).

Many courts, including a recent decision from a court in this district, have granted stays even where the PTAB has not yet instituted an IPR. (Exhibit N, *Think Prods., Inc. v. Acco Brands Corp.*, Case No. CV 14-6659 (KAM)(SIL), June 19, 2015 Order). Courts have rejected the arguments previously made by Plaintiffs that there is speculation regarding an IPR that has not been granted, because "the better course is to allow the PTO to apply its expertise to these proceedings before considerable judicial resources are expended." *Id.* Further, "the high probability that the request will be granted and potential benefits of IPR outweigh the relatively modest delay resulting from the stay if the IPR petition is denied." *Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No. 2:13-CV-04160-NKL, 2014 U.S. Dist. LEXIS 75907, at *12-13 (W.D. Mo. June 4, 2014); *Brixham Solutions Ltd. v. Juniper Networks, Inc.*, No. 13-cv-00616-JCS, 2014 U.S. Dist. LEXIS 58770, at *4 (N.D. Cal. Apr. 28, 2014) (granting stay based on filed IPR petitions prior to the institution of the IPR proceedings); *Norred v. Medtronic, Inc.*, No. 13-2061-EFM/TJJ, 2014 U.S. Dist. LEXIS 17429, at *11 (D. Kan. Feb. 12, 2014) (same); *Black & Decker Inc. v. Positec USA, Inc.*, No. 13-CV-3075, 2013 U.S. Dist. LEXIS 153795, at *4-6 (N.D. Ill. Oct. 1, 2013) (same); *e-Watch, Inc. v. Lorex Canada, Inc.*, No. H-12-3314, 2013 U.S. Dist. LEXIS 138198, at *6-7 (S.D. Tex. Sept. 26, 2013) (same). In view of the institution decisions, there can be no speculation – the proceedings will proceed and will likely render the asserted patent claims unpatentable.

      C.      The Court Should Use Its Inherent Power To Stay This Litigation Pending The IPRs To Simplify This Case And Conserve Resources

In determining whether to grant or deny a motion to stay pending the outcome of an IPR proceeding, courts generally consider: (1) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage the non-moving party; and (3) the stage of litigation, including whether discovery is almost complete and whether a trial date has been set. (*See* Exhibit N, at 4).

Here, the now-instituted IPR petitions cover all but two claims that will be at issue in this litigation, and therefore it is likely that some or all of the claims that will be asserted will be held invalid under 35 U.S.C. §§ 102 or 103. A stay will allow the IPRs to eliminate or simplify the issues in this case, thereby reducing the burden of litigation on the Court and the Parties. If the USPTO cancels all or some of the asserted claims, then the issue of infringement for those claims will no longer exist. *See Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*, No. 14-CV-856, 2014 U.S. Dist. LEXIS 73412, at *5, 10 (N.D. Ill. May 29, 2014); *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013). Indeed, a stay may be "particularly

Magistrate Judge Brown
December 21, 2015
Page 4

justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if claims were cancelled in the reexamination, would eliminate the need to try the infringement issue." *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F.Supp. 2d 1022, 1023 (N.D. Cal. 2005).

Even if an asserted claim survives the IPR as valid, that too will simplify the remaining issues. *Ignite*, 2014 U.S. Dist. LEXIS 73412, at *10-11. First, Presidio will be estopped from raising invalidity defenses in this litigation that it "raised or reasonably could have been raised during [IPR]." 35 U.S.C. § 315(e). Second, the IPR proceedings will provide this Court with written comments from the USPTO and the patent owner related to the scope of the claims and are therefore relevant to this Court's role in the claim construction process.

Any argument Plaintiffs may make regarding prejudice by a stay is utterly belied by their decision to wait more than 13 years to file their infringement suit. Accordingly, any relatively slight delay now associated with a stay will not be unduly prejudicial to Plaintiffs. *DJO, LLC v. VitalWear, Inc.*, No. 09-CV-2872-LAB (NLS), 2010 U.S. Dist. LEXIS 109832, at *3 (S.D. Cal. Oct. 14, 2010); *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1319 (Fed. Cir. 2014). Further, the fact that Presidio sought a "stay at the earliest stage of the litigation diminishes the potential effect of any tactical disadvantage" Plaintiffs could face. *Ignite*, 2014 U.S. Dist. LEXIS 73412, at *6. Further, Plaintiffs have admitted that the only product they have that practices the patents-in-suit, its "Accu-P" product, exists in a market with numerous other competitors. (*See* Exhibit A, Plaintiffs' Response to Interrogatory No. 13). This admitted fact alone undermines any claim of prejudice Plaintiffs may make. (*See* Exhibit M, at 10-11).

The third factor strongly favors granting a stay because this litigation is in its early stages. The claim construction process has just begun, and ATC recently submitted its claim construction papers knowing that Presidio was going to submit this renewed request, and therefore ATC could have simply elected to not make that filing. And, no depositions have been taken, and no trial date has been set. (DE 47).

Sincerely,

Brett A. Schatz

BAS:alf
Attachments
cc:     Counsel of Record