

Chrysler Center
666 Third Avenue
New York, NY 10017
212-935-3000
212-983-3115 fax
www.mintz.com

| Marvin S. Gittes |   Direct Dial:  (212) 692-6247   |   msgittes@mintz.com
*Member*

December 29, 2015

*VIA ECF – REDACTED VERSION*
Honorable Gary R. Brown
United States District Court
   Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

      Re:   *Am. Tech. Ceramics Corp. et al. v. Presidio Components, Inc*.
              Case No 2:14-cv-06544-KAM-GRB

Dear Judge Brown:

    Plaintiffs American Technical Ceramics Corp. and AVX Corporation (together "ATC") oppose Defendant Presidio Components, Inc. renewed motion to stay this litigation.  As with its first motion, this second attempt to delay ATC's enforcement of its patents for at least another year while Presidio continues its own attack on ATC in the United States District Court for the Southern District of California as to the same allegedly competing products should be denied.

### I.   Presidio Opposed Staying its California Case Based on the Same Product Competition at Issue Here.

    Presidio filed the California case – *Presidio v. ATC*, 3:14-cv-02061 (S.D. Cal.) – on September 2, 2014 alleging that ATC's 550 capacitors ("550s") infringe U.S. Patent No. 6,816,356 ("the '356 Patent").  Presidio did *not* move to stay that case while the '356 Patent was under review by the Patent Office.  In fact it *opposed* a stay, exclaiming that because its Buried Broadband capacitors ("BBs") directly compete with ATC's 550s, Presidio would be irreparably harmed if denied a "just, speedy, and inexpensive determination" on infringement:

> ATC's infringement through the replacement 550 product results in irreparable harm to Presidio, and further delay exacerbates this harm….

> Presidio is unduly and irreparably prejudiced because its direct competitor is further solidifying its position in the market using Presidio's patented technology without permission or license….

> [T]he only two competitive products on the market are the infringing 550 capacitor and Presidio's competing BB capacitor.  Thus, it is not a stretch by any means to conclude that ATC's infringement through the 550 capacitor results in irreparable harm to Presidio….

> ATC's motion to stay would … allow ATC to capitalize on (a.k.a. hijack) Presidio's intellectual property rights and penetrate Presidio's market share.  It would also amount to a multi-year extension of infringing activity so ATC can

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**
NEW YORK | BOSTON | WASHINGTON | STAMFORD | LOS ANGELES | LONDON

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C..

Honorable Gary R. Brown
December 29, 2015
Page 2

> increase its market share and delay Presidio's requested injunctive relief. This improper competition ... will likely drive Presidio's margins lower as it must further price compete in a market where it should otherwise be protected by its patent. Accordingly, the irreparable harm to Presidio is particularly high.

Ex. A, 2-4, 10-12. Yet here Presidio seeks an immediate stay of this action involving the *same* two products and *same* alleged competition. That is, Presidio believes it equitable to deny ATC the chance to enforce its own rights against Presidio's infringing BBs, while permitting itself to move forward with enforcing its patent to exclude ATC from selling its 550s simply because it is now on defense. Presidio should not be allowed to have it both ways.

## II. Staying This Litigation Will Tactically Disadvantage ATC.

The "most substantial and important issue" in determining whether to grant a stay is tactical disadvantage or undue prejudice. *Imagevision.net, Inc. v. Internet Payment Exchange, Inc.*, 2013 U.S. Dist. LEXIS 25015, at *5 (D. Del. Feb. 25, 2013). Here the tactical disadvantage that a stay would impose on ATC is great.

ATC filed this action last November in response to Presidio's serial lawsuits and past refusals to negotiate global peace—yet with the hope that such suit might lead to settlement. Presidio unfortunately has zero interest in resolving differences; it seeks only to litigate its California suit to trial this April 2016. Indeed, Presidio's feigned interest in settling with ATC earlier this year was simply another way of delaying this case—by four months and at the time and expense of this Court. This much it made clear when it abruptly sabotaged settlement discussions with the nonsensical and impossible condition that ATC identify                The instant renewed motion to stay is just the latest step in trying to effectuate this strategy and disadvantage ATC in prosecuting Presidio's infringement and encouraging global settlement in the process.

Presidio's delay allegations are but a smokescreen. ATC filed its complaint within weeks of learning of Presidio's infringement of the asserted patents. Presidio presents no evidence to the contrary. It merely states that ATC "knew about" *one* of the accused products. Presidio does not connect the accused products with any asserted patent nor provide evidence that ATC was monitoring Presidio, analyzing any of the asserted patents for infringement or contemplating enforcing such patents against anyone.

## III. Direct Competition Between the 550s and BBs Weighs Heavily Against a Stay.

Presidio cannot deny that the parties' relationship weighs against a stay. It has already vehemently argued as much. Ex. A. Direct competition between parties is a primary reason for not staying litigation, as the delay in adjudicating infringement will likely have outsized consequences, such as lost market share and eroded good will, not compensable by money damages. *ADA Solutions Inc., v. Eng'd Plastics, Inc.*, 826 F.Supp.2d 348, 351 (D. Mass. 2011). As noted Presidio claims irreparable harm from alleged infringing competition between its BBs and the 550s, and that such harm supports denying a stay. Ex. A, 10-11 ("Staying a case while such harm is ongoing usually prejudices the patentee that seeks timely enforcement of its right to exclude.").

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C..

Honorable Gary R. Brown
December 29, 2015
Page 3

### IV. Discovery is Substantially Complete and the Case Should be Tried This Year, Before the IPR Proceedings are Resolved.

Despite Presidio's continued attempts at delay, this case has progressed significantly. The parties have exchanged significant written discovery, including hundreds of requests for admission and over 30 interrogatories and supplementations. Initial and supplemental infringement and invalidity contentions have been served under Local Patent Rules 6 and 7. On October 6, 2015 this Court entered a Phase II scheduling order with dates up to trial. Document production was substantially completed on December 7, including over 500,000 pages of paper and ESI. Discovery appears largely complete but for depositions. The claim construction process began on October 30 with an exchange of initial claim terms. The parties submitted their Joint Claim Terms Chart on November 20 under Local Patent Rule 11, and ATC filed its opening brief under Local Patent Rule 12(a) on December 18.[1] Trial should be set for late summer or fall of 2016 before the IPRs are resolved in November 2016.

### V. The IPR Proceedings Do Not Address All Asserted Claims or a Large Majority of Presidio's Invalidity Contentions.

Oddly, Presidio states that by granting the IPR petitions "the USPTO effectively determined that there is a reasonable likelihood that this entire lawsuit is for naught." It does so knowing full-well (i) the Board excluded '791 Patent claim 2 and '547 Patent claim 16 from the IPR proceedings, (ii) that '791 Patent claim 2 applies to all versions of the accused products and (iii) that Presidio is liable to ATC for past infringement damages exceeding      million based on '791 Patent claim 2. Presidio also knows that, other than its tenuous indefiniteness defense, it now has no viable invalidity defense against '791 Patent claim 2 by virtue of civil action estoppel under 35 U.S.C. § 315(e). In view of these *facts*, this case could *and should* proceed at least on '791 Patent claim 2 alone.

Most of Presidio's invalidity contentions are also not part of the IPR proceeding. Of the 46 different prior art invalidity grounds brought against the asserted independent claims, only seven are at issue in the IPR proceedings. Presidio also asserts at least 16 additional invalidity positions under 35 U.S.C. § 112, as well as defenses of estoppel, laches and waiver – all of which exceed the scope of the IPR proceedings. Under these circumstances courts disfavor a stay. *Imagevision.net*, 2013 U.S. Dist. LEXIS 25015, at *15 ("[W]hen infringement, validity under § 112, or other issues outside the purview of reexamination remain to be tried, then a stay is not favored."); *see also SenoRx, Inc. v. Hologic, Inc.*, 2013 U.S. Dist. LEXIS 8044, at *13 (D. Del. Jan. 11, 2013) ("The more that the scope of the issues ... exceeds the scope of the issues that can be examined during the reexamination proceedings, the greater this cuts against a finding that the reexamination proceedings will lead to simplification of the issues.")

* * *

---

[1] Presidio unfortunately misrepresents counsels' December 16, 2015 conversations. In truth Presidio's counsel stated that Presidio would file its renewed stay motion on Friday, December 18, 2015, if nothing further was heard from ATC. Contrary to that representation, Presidio never filed its motion. ATC thereafter proceeded with filing its opening claim construction brief that evening according to Your Honor's scheduling order.

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C..

Honorable Gary R. Brown
December 29, 2015
Page 4

      Presidio cites no rule of law requiring a stay following IPR institution—only a handful of cases with different facts and that provide little instructive guidance to the Court.[2]. In truth, deciding whether to stay litigation "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. American Co.*, 299 U.S. 248, 254-55 (1936); *see also Imagevision.net*, 2013 U.S. Dist. LEXIS 25015, at *1 ("In maintaining that even balance, the Court must consider whether there is 'a fair possibility that the stay would work damage on another party.'"). In fact Judge Robinson recently denied a stay request post-IPR institution where direct competition existed and litigation issues exceeded the scope of the IPRs, *even despite* discovery being in its early stages. *Courtesy Prods., L.L.C. v. Hamilton Beach Brands, Inc.*, 2015 U.S. Dist. LEXIS 116032, at *4 (D. Del. Sept. 1, 2015); Ex. B, at 4.

      For at least the above reasons, Presidio's stay request should likewise be denied.

Respectfully submitted,

Marvin S. Gittes

Enclosure
cc: Counsel of Record

---

[2] Magistrate Judge Locke's decision in *Think Prods., Inc. v. Acco Brands Corp.*, 14-cv-6659 appears to be this District's first and only decision concerning an IPR stay motion. While a stay was granted, it was based on markedly different circumstances from those present here, including Plaintiff conceding no direct competition and no discovery having yet occurred. Discovery was also in its infancy in *Eli Lilly* (Presidio Ex. J). The *Horizon* case (Presidio Ex. K) is an ANDA litigation involving entirely different legal and factual considerations.