UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN TECHNICAL CERAMICS CORP., ET AL.<br><br>Plaintiffs<br><br>vs.<br><br>PRESIDIO COMPONENTS, INC.<br><br>Defendant. | Case No. 2:14-CV-06544KAM-GRB<br><br>Judge Kiyo A. Matsumoto<br>Magistrate Judge Gary R. Brown |

**DEFENDANT PRESIDIO COMPONENTS, INC.'S, RESPONSE TO PLAINTIFFS' STATEMENT OF UNCONTESTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

Pursuant to Local Rule 56.1 of the Local Rules of the Southern and Eastern Districts of New York, Defendant Presidio Components, Inc. ("Presidio" or "Defendant") responds to Plaintiffs American Technical Ceramics Corp., et al. ("ATC" or "Plaintiffs") Statement of Uncontested Material Facts.

**RESPONSES**

1. Plaintiffs brought this suit against Defendant Presidio Components, Inc. ("Presidio" or "Defendant") in November 2014, alleging that Presidio's Surface Mount Buried Broadband ("BB") Capacitors and Surface Mount Buried Single Layer ("SL") Capacitors infringe U.S. Patent Nos. 6,337,791 (the "'791 Patent") and 6,144,547 (the "'547 Patent") in violation of the Patent Laws of the United States, 35 U.S.C. § 271 *et seq*. (Dkt. No. 1, at ¶¶ 1, 8, 10, 15, 17, 22 and 24.)[1]

**Response:** Not disputed.

---

[1] Plaintiffs are no longer proceeding in this case with regard to the claims of U.S. Patent No. 6,992,879 and claim 1 of the '791 Patent.

1

2. When Plaintiff AVX Corporation ("AVX") acquired the shares of Plaintiff American Technical Ceramics Corp. ("ATC") in 2007, ATC became and still is a wholly-owned subsidiary of AVX. (Ex. 5, at 42:15-16; Ex. 6, at 7:11-13.)

**Response**: Not disputed.

3. Plaintiff ATC owns the '791 Patent. (Dkt. No. 1, at ¶ 9.)

**Response**: Not disputed.

4. Plaintiff AVX owns the '547 Patent. (Dkt. No. 1, at ¶ 23.)

**Response**: Not disputed.

5. Presidio has asserted defenses that Plaintiffs' claims of patent infringement against Presidio in this action are barred by the equitable doctrines of laches, estoppel, and waiver. (Ex. 1, at ¶¶ 29-34.)

**Response**: Not disputed.

6. As testified to by Presidio at its corporate deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), Presidio is not aware of any communications from Plaintiffs regarding the '791 Patent prior to the commencement of this lawsuit:

> Q. . . . Did Presidio ever receive any communication from ATC or AVX about the '791 patent before the date of this lawsuit?
> . . .
> THE WITNESS: Presidio doesn't recall any information from ATC or AVX about the '791 patent.

(Ex. 2, at 146:21-147:2 (objection omitted).)

**Response:** Disputed in part. The cited testimony does not support the purported statement of fact that Presidio is not aware of any communications from Plaintiffs regarding the '791 Patent prior to the commencement of this lawsuit. Rather, the cited testimony only supports the statement of fact that Presidio did not "recall any information from from ATC or AVX about the '791 patent" at the time this testimony was given. (Appx. A/Ex. 2, at 146:21-147:2).

7. Presidio is not aware of any communications from Plaintiffs regarding the '547 patent prior to the commencement of this suit:

> Q. Did Presidio ever receive any communication from ATC or AVX about the '547 patent before the date of this lawsuit?
> . . .
> THE WITNESS: Presidio doesn't recall any such communication.

(Ex. 2, at 147:10-16 (objection omitted).)

**Response:** Disputed in part. The cited testimony does not support the purported statement of fact that Presidio is not aware of any communications from Plaintiffs regarding the '547 patent prior to the commencement of this suit. Rather, the cited testimony only supports the statement of fact that Presidio did not "recall any such communication" [from ATC or AVX about the '547 patent before the date of this lawsuit] at the time this testimony was given. (Appx. A/Ex. 2, at 147:10-16).

8. As testified to by ATC's and AVX's 30(b)(6) corporate witness, Mr. Evan Slavitt,[2] AVX took no steps to notify Presidio of the existence of the '547 Patent in advance of this lawsuit:

> Q. . . . I want to know what steps did AVX affirmatively undertake to ensure that Pre -- Presidio knew of the 547 patent, up until the time of the filing of the lawsuit.
>
> A. The first step would have been the filing of the lawsuit.

(Ex. 4, at 100:22-101:4.)

**Response:** Not disputed.

9. ATC took no steps to notify Presidio of the existence of the '791 Patent in advance of this lawsuit:

> Q. . . . What affirmative steps did ATC take to ensure that Presidio was aware of the 791 patent prior to the filing of this lawsuit?
>
> A. . . . ATC took no affirmative steps to put that -- put [Presidio] on notice of the 791 patent prior to filing this suit...

(Ex. 4, at 101:9-22.)

**Response:** Not disputed.

---

[2] Mr. Slavitt is Senior Vice President, General Counsel, and Secretary of Plaintiff AVX and Vice President and Chief Legal Officer of Plaintiff ATC. (Ex. 5, at 5:18-6:8.)

4

10. As testified to by Presidio at its corporate deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), Presidio has no documents indicating any belief that either ATC or AVX would not assert the '791 Patent against it:

> Q. Does Presidio have any documents noting any belief of Presidio that ATC or AVX would not assert the '791 patent against Presidio?
> . . .
> THE WITNESS: Presidio doesn't recall any such documents at this time.

(Ex. 2, at 147:23-148:5 (objection omitted).

**Response**: Not disputed.


11. Presidio also has no documents indicating any belief that either ATC or AVX would not assert the '547 Patent against it:

> Q. ... Does Presidio have any documents noting any belief of Presidio that ATC or AVX would not assert the '547 patent against Presidio? ...
>
> THE WITNESS: Presidio doesn't recall any documents such as that at this time.

(Ex. 2, at 148:8-13 (objection omitted).)

**Response**: Not disputed.


12. Presidio does not believe it was aware of the '547 Patent prior to the commencement of this lawsuit:

> Q. When did Presidio first become aware of the AVX '547 patent?
>
> A. We only recall seeing that when the lawsuit began.
>
> Q. Was Presidio aware of the AVX '547 patent before the date of this lawsuit?
>
> A. Presidio doesn't currently recall that.

(Ex. 2, at 106:1-7.)

**Response:** Not disputed.

13. Presidio's Second Supplemental Response to Plaintiffs' Interrogatory No. 8 also indicates that Presidio was not aware of the '547 Patent prior to the commencement of this suit:

> Presidio was aware of the ... '547 patent[] no later than the date of service of this lawsuit in November 2014.

(Ex. 3, at 27-28.)

**Response:** Not disputed.

14. Mr. Slavitt, Senior Vice President, General Counsel, and Secretary of Plaintiff AVX and Vice President and Chief Legal Officer of Plaintiff ATC, was not aware of Presidio's infringement of the '547 and '791 patents until shortly before this action was filed and ATC did not consider asserting the '791 Patent against Presidio until then:

> Q. When did ATC first consider asserting the 791 patent against Presidio?
> . . .
> A. I believe it would have been either in 2013 or 2014....
> . . .
> Q. When did you first become aware of the infringement?
> 
> A. Somewhere in 2013 or 2014, I believe.

(Ex. 5, at 5:18-6:8, 43:22-44:17.)

> Q. Okay. Fair enough. When did you first acquire knowledge about any competitive damages [relating to the '547 Patent]?
> . . .
> A. Sometime in the summer or fall of 2014.

(*Id.* at 37:2-9.)

6

**Response:** Disputed in part. Presidio only disputes the characterization of Mr. Slavitt's personal awareness as being "shortly" before this action was filed. The cited testimony does not support an awareness as being "shortly" before this action was filed. (Appx. C/Ex. 5, at 5:18-6:8, 43:22-44:17).

15. Presidio did not depose the inventor of the '547 Patent or anyone involved in the process of obtaining the '547 Patent.

**Response:** Not disputed.

16. With regard to the '791 Patent, Plaintiff ATC's former Vice President for Administration and Human Resources, Ms. Kathleen Kelly, who managed ATC's patent files including the file for the '791 Patent, is unaware of any analysis of infringement of the '791 Patent having been performed before the date of this lawsuit:

> Q. Are you aware of anyone at ATC ever performing a patent infringement analysis to determine whether Presidio infringed any patents owned by ATC?
>
> A. Not that I remember.
>
> Q. So with respect to the 791 patent that you've discussed earlier today, you're not aware of anyone at ATC ever performing an infringement analysis to determine whether any Presidio products infringed the ATC 791 patent; is that correct?
>
> A. That's correct.

(Ex. 6, at 53:16-54:3.)

**Response:** Disputed in part. Presidio does not dispute that Ms. Kelly testified as recited above. However, in December 2009, Ms. Kelly also testified that "one of Presidio's products actually infringes on our Monsorno BMC patents and we've never filed suit." (See Exhibit 14, at 26:17-

7

22). And, the named inventor of the '791 patent is Richard Monsorno. (See Exhibit 12). By testifying as she did in December 2009, Ms. Kelly acknowledged that she was aware in fact aware of an infringement analysis of the Monsorno patents.

17. Ms. Kelly is also unaware of anyone other than herself and the inventor of the '791 Patent, Mr. Richard Monsorno, having ever substantively reviewed the '791 Patent file. (Ex. 6, at 20:13-21, 26:24-29:13, and 33:6-36:2 (discussing ATC's internal process with respect to the '791 patent).)

**Response:** Disputed. The cited testimony does not support the characterization that "Ms. Kelly is also unaware of anyone other than herself and the inventor of the '791 Patent, Mr. Richard Monsorno, having ever substantively reviewed the '791 Patent file." (Appx. D/Ex. 6, at 20:13-21, 26:24-29:13, and 33:6-36:2).

18. As testified to by Mr. Monsorno, the inventor of the '791 Patent, in response to a subpoena from Presidio, Mr. Monsorno never performed an infringement analysis of Presidio's products and had no knowledge of Presidio's BB Capacitors:

> Q. During your employment at ATC, did you know that Presidio sold capacitors referred to as the buried broadband capacitor?
>
> A. No.
>
> Q. During your employment at ATC, including the time that you were -- that Mr. Mruz was working on this project, did you know what the internal structure of this buried broadband capacitor sold by Presidio looked like?
>
> A. I may have seen some internal structures that John sent, but I have no recollection or knowledge of ever hearing of a broadband -- buried broadband capacitor. So if I saw one, I didn't know that was it.

> Q. Did you ever have any involvement during your employment at ATC in analyzing the internal structure of a buried broadband capacitor sold by Presidio?
>
> A. Not of my knowledge, no. I didn't analyze other -- I didn't do that -- that type of analyzation.

(Ex. 7, at 111:17-112:13; *id.* at 51:11-52:14 (objection omitted).)

**Response:** Not disputed.

# PRESIDIO'S STATEMENT OF ADDITIONAL MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

19. Plaintiffs became aware of, and purchased or acquired Presidio BB capacitors, no later than November 2001. (See Exhibit 8, Plaintiffs' Response to Interrogatory No. 4).

20. Plaintiffs analyzed Presidio Presidio BB capacitors in 2001, 2002, 2003, 2004, 2005. Plaintiffs' analysis included dissection and testing of the Presidio BB capacitors. (See Exhibit 9, Excerpts of Mruz Deposition Exhibits 1, 2, 4, 6, 7, 10, 19, 21, 22, 26, 27).

21. Plaintiffs attempted to emulate Presidio's BB capacitor. (See Exhibit 10, Excerpt of Mruz Deposition Exhibit 3).

22. Plaintiffs believed that the Presidio BB capacitor infringed certain of Plaintiffs' patents, including a patent invented by Mr. Richard Monsorno. Plaintiffs' internal documents demonstrate their belief, as early as 2004, that Presidio's BB capacitor "use[d] our patented BMC configuration…". Also in 2004, Plaintiffs "[n]otice[d] that Rich Monsorno's BMC structure is used" by Presidio in a Presidio patent. Plaintiffs also cross sectioned Presidio's BB capacitor and formed a belief that "[t]his is covered in the Monsorno patent." (See Exhibit 11, Excerpts of Mruz Deposition Exhibits 8, 14, 39).

23. The named inventor of the '791 patent, one of the patents asserted by Plaintiffs in this case, is Mr. Monsorno. (See Exhibit 12, Excerpt of the '791 patent).

10

24. In 2007, Presidio sued ATC for patent infringement in the Southern District of California ("*Presidio I*"). Presidio sought and successfully recovered lost profit damages from Plaintiffs based on sales of Presidio's BB capacitors that Presidio lost. Presidio's BB capacitors are accused of infringement in this case. (See Exhibit 13, Excerpts of Southern District of California Court Orders).

25. The patent infringement action pending in the Southern District of California between Presidio and ATC was pending for more than six years, and concluded in September 2013. (See Exhibit 13, Excerpts of Southern District of California Court Orders).

26. ATC did not assert a counterclaim for patent infringement against Presidio's BB capacitors at any time during the patent infringement action pending in the Southern District of California between Presidio and ATC. (See Exhibit 13, Excerpts of Southern District of California Court Orders).

27. The trial of the patent infringement action pending in the Southern District of California between Presidio and ATC took place in December 2009. ATC's Vice President, Ms. Kathleen Kelly, testified that in connection with ATC's intellectual property, ATC follows a "live and let live" policy. Ms. Kelly testified that "one of Presidio's products actually infringes on our Monsorno BMC patents and we've never filed suit." Presidio representatives were present and participated in the *Presidio I* trial, and witnessed Ms. Kelly's testimony. (See Exhibit 14, Excerpts of Jury Trial – Day Five, at 26).

28. Presidio was aware of the '791 Patent as early as 2002. (See Exhibit 15, Presidio Response to Interrogatory No. 8).

29. Presidio relied upon Plaintiffs' misleading conduct by continuing the development and sales of the products accused of infringement over the course of many years. Presidio "acted in reliance on Plaintiffs' decision not to pursue infringement claims or damages against Presidio's Surface Mount Buried Broadband Capacitors and Surface Mount Buried Single Layer Capacitors by investing in those products and expanding those product lines." Presidio also "made capital and employment related expenditures in connection with [the accused products]." Presidio also "expanded its distribution and representation network…". Presidio also "expanded its manufacturing capabilities and building leases, expended resources on construction costs and machinery and equipment, and incurred employment expenses…". Presidio further demonstrated its reliance on Plaintiffs' misleading conduct by identifying specific documents showing the costs incurred by Presidio relating to the expanded employment, manufacturing, distribution, representation, capital expenditures, and building leases resulting from Presidio's reliance. (See Exhibit 16, Presidio Response to Interrogatory No. 7)

Dated: Cincinnati, Ohio
July 26, 2017

        WOOD, HERRON & EVANS, L.L.P.

By:   s/ Brett A. Schatz
      Gregory F. Ahrens, Esq.
      Brett A. Schatz, Esq.
      Wood, Herron & Evans, L.L.P.

      441 Vine Street, 2700 Carew Tower
      Cincinnati, Ohio 45202
      (513) 241-2324
      (513) 241-6234 (Facsimile)
      gahrens@whe-law.com
      bschatz@whe-law.com

      Jeremy D. Richardson
      Michelman & Robinson, LLP
      800 Third Avenue, 24th Floor
      New York, New York 10022
      (212) 730-7700
      (212)730-7725 (Facsimile)
      jrichardson@mrllp.com

      Attorneys for Defendant
      PRESIDIO COMPONENTS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2017, the foregoing document was served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

**Via Email**
Timur E. Slonim, Esq.
Peter F. Snell, Esq.
Brad M. Scheller, Esq.
Vincent M. Ferraro, Esq.
Mintz Levin Cohn Ferris Glovsky
 and Popeo, P.C.
666 Third Avenue
New York, NY10017

**Via Email**
Ronald E. Cahill, Esq.
Heather Repicky, Esq.
Nutter McClennen & Fish LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210

/s/ Brett A. Schatz
Gregory F. Ahrens, Esq.
Brett A. Schatz, Esq.
Wood, Herron & Evans, L.L.P.
441 Vine Street, 2700 Carew Tower
Cincinnati, Ohio 45202
(513) 241-2324
(513) 241-6234 (Facsimile)
gahrens@whe-law.com
bschatz@whe-law.com

Jeremy D. Richardson
Michelman & Robinson, LLP
800 Third Avenue, 24th Floor
New York, New York 10022
(212) 730-7700
(212)730-7725 (Facsimile)
jrichardson@mrllp.com

Attorneys for Defendant
PRESIDIO COMPONENTS, INC.