**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------X
AMERICAN TECHNICAL CERAMICS CORP.
and AVX CORPORATION,

        Plaintiffs,

  -against-

PRESIDIO COMPONENTS, INC.,

        Defendant.
----------------------------------X

**ORDER**
14-CV-6544 (KAM)(GRB)

**MATSUMOTO, United States District Judge**:

      Plaintiffs American Technical Ceramics Corp. ("ATC") and AVX Corporation ("AVX," and together with ATC, "plaintiffs") initiated the instant action by filing a complaint ("Compl." or the "complaint," ECF No. 1) on November 6, 2014, alleging infringement by defendant Presidio Components, Inc. ("Presidio" or "defendant") of the following patents held by plaintiffs: United States Patent No. 6,144,547 (the "'547 Patent"), United States Patent No. 6,337,791 (the "'791 Patent," together with the '547 Patent, the "patents-in-suit"), and United States Patent No. 6,992,879 (the "'879 Patent"). (*See generally* Compl.; *see also* Compl. Ex. 1, ECF No. 1-3 (annexing '547 Patent, '791 Patent, and '879 Patent).)

      After motion practice, two rounds of claim construction by this court, and an *inter partes* review ("IPR") proceeding initiated by Presidio before the Patent Trial and

Appeal Board ("PTAB") of the U.S. Patent and Trademark Office ("PTO"), (*see* ECF No. 74, Joint Motion to Stay at 2), the remaining claims of infringement before this court concern all but claim 1 of the '791 Patent, and the '547 Patent in its entirety, the '879 Patent having been found unpatentable by the PTAB. (*See* ECF No. 126, Summary Judgment Order at 81 (dismissing plaintiffs' claims for infringement of the '879 Patent and of claim 1 of the '791 Patent after IPR); ECF No. 79, First Claim Construction Order dated November 7, 2016; ECF No. 136, Second Claim Construction Order dated November 2, 2018.)

After the court issued its second claim construction decision, dated November 2, 2018 and construing the term "terminations," the parties submitted a joint status letter dated November 16, 2018, in which plaintiffs requested a trial date and defendant requested to supplement its invalidity contentions as to the '547 Patent, exchanged pursuant to this District's Local Patent Rules. (ECF No. 137, Joint Status Letter dated November 16, 2018 ("JSL") at 1, 3.) Additionally, Presidio requested leave to renew certain portions of its summary judgment motion, which the court previously denied without prejudice, pending further claim construction of the term "terminations." (*Id.* at 3; ECF No. 126, Summary Judgment Order at 53.) Having construed "terminations," (*see* ECF No. 136, Claim Construction Order at 26), the court found that a

genuine dispute of material issues of fact prevented it from ruling as a matter of law on Presidio's renewed motion, and thus denied the motion. (*See* Amended Minute Entry dated December 20, 2018.)

Pending before the court now is Presidio's request to supplement its invalidity contentions regarding the '547 Patent. Plaintiffs object, stating that Presidio is estopped from raising in this proceeding any invalidity ground that it "raised or reasonably could have raised during [the IPR]" proceeding challenging the '547 Patent, citing 35 U.S.C. § 315(e)(2). (JSL at 2.) Presidio responds by relying on *Shaw Industries Group, Inc. v. Automated Creel Systems, Inc.*, 817 F.3d 1293 (Fed. Cir. 2016), to argue that because it did not *petition* the PTAB on the invalidity grounds it now seeks to amend to its invalidity contentions, it necessarily could not have raised the grounds during the IPR and is thus not estopped. (JSL at 4, 5-6.) Plaintiffs argue in the alternative that, even if Presidio is not estopped, it has failed to show good cause to reopen discovery for the purposes of serving supplemental invalidity contentions and a supplemental expert invalidity report.

For the reasons discussed below, the court finds that defendant is estopped from raising invalidity grounds that it did not include in its IPR petition to the PTO challenging the '547 Patent and, thus, it may not supplement its invalidity

3

contentions or serve a new expert invalidity report. Given that Presidio could have, but did not explain *why* it did not include the grounds it now seeks to supplement to the invalidity contentions when it sought IPR, the court need not address whether Presidio has shown good cause to reopen discovery. Moreover, the court notes that Presidio's submissions, to date, have lacked specifics concerning what new grounds it intended to raise, and why those grounds were not available to it when it petitioned for IPR.

Though the court previously indicated it would issue a pretrial scheduling order with a trial date, the court currently has a conflicting criminal trial scheduled for the parties' requested June 24, 2019 trial date. (*See* ECF No. 141, Joint Letter dated January 24, 2019.) Should that criminal trial be rescheduled, the court will inform the parties and they should be prepared to proceed on June 24, 2019. However, the parties should also be prepared for a later trial date, and shall inform the court of their availability for trial in August 2019 by joint letter submitted no later than one week from the date of this Order.

**DISCUSSION**

**I. LEGAL STANDARD**

When deciding issues in a patent case, a district court applies the law of the circuit in which it sits to non-

4

patent issues and the law of the Federal Circuit to issues of substantive patent law. *In re Cambridge Biotech Corp.*, 186 F.3d 1356, 1368 (Fed. Cir. 1999); *see also Coconut Grove Pads, Inc. v. Mich & Mich TGR, Inc.*, 222 F. Supp. 3d 222, 250 n.6 (E.D.N.Y. 2016). Federal Circuit law also governs issues that are not substantive patent law if "the issue pertains to patent law, if it bears an essential relationship to matters committed to [the] exclusive control [of the Federal Circuit] by statute, or if it clearly implicates the jurisprudential responsibilities of [the Federal Circuit] in a field within its exclusive jurisdiction." *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999) (*en banc* in relevant part) (internal citations and quotation marks omitted).

### A. *Inter Partes* Review

The America Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284 (2011), introduced IPR as a procedure in which the PTAB may review the patentability of one or more claims in a patent. *See generally* 35 U.S.C. §§ 311-319. The IPR process allows a party to petition the PTO to establish the invalidity of certain claims in a patent under Sections 102 or 103 of Title 35. *Id.* § 311(a)-(b). Institution of IPR is discretionary, and the PTAB may decide to institute IPR on all, some, or none of the petitioned grounds. 35 U.S.C. § 314(a); 37 C.F.R. § 42.108(a) ("[T]he Board may authorize the review to proceed on

all or some of the challenged claims and on all or some of the grounds of unpatentability asserted for each claim."); *id.* § 42.108(b) ("At any time prior to institution of [IPR], the Board may deny some or all grounds for unpatentability for some or all of the challenged claims.")  An instituted IPR proceeding is held before a panel of three administrative judges, 35 U.S.C. § 6(a)-(c), 311, and the panel issues a final written decision, usually within twelve months, with respect to the patentability of the patent claims challenged by the petitioner, *id.* § 318(a).

This procedure was enacted with the policy goals of streamlining the patent process in general and in focusing patent enforcement litigation, thus limiting costs for all parties and preserving judicial resources. *SAS Inst., Inc. v. ComplementSoft, LLC*, 825 F.3d 1341, 1357 (Fed. Cir. 2016) (Newman, J.) (concurring in part, dissenting in part) ("The America Invents Act was designed—after a decade of hearings and revisions—to reduce the cost of patent litigation, to resolve major validity issues in an expert tribunal, and to put an end to repetitive challenges."), *rev'd on other grounds*, *SAS Inst., Inc. v. Iancu*, 138 S.Ct. 1348 (2018).  The legislative history of § 315(e) indicates that Congress intended IPR to serve as a complete substitute for litigating the validity of patent claims in the district court. *See, e.g.*, *Patent Reform Act of 2009:*

*Hearing Before the House Comm. on the Judiciary*, 111th Cong. 153 (2009) (statement of Rep. Manzullo) ("It is clearly appropriate to have an administrative process for challenging patent validity, but it should exist within a structure that guarantees a quick—and final—determination."); *Patent Reform: The Future of American Innovation: Hearing Before the Senate Comm. on the Judiciary*, 110th Cong. 13 (2007) (statement of Jon Dudas, Director, USPTO) ("[T]he estoppel needs to be quite strong that says on the second window any issue that you raised or could have raised you can bring up no place else. That second window, from the administration's position, is intended to allow nothing—a complete alternative to litigation."); *see also Douglas Dynamics, LLC v. Meyer Prods. LLC*, No. 14-CV-886, 2017 U.S. Dist. LEXIS 58773, at *13 (W.D. Wisc. Apr. 18, 2017).

### B. ESTOPPEL

To give effect to the Congressional goal of reducing the costs of patent litigation and resolving issues before an expert patent tribunal, the AIA codified an estoppel provision meant to prevent an unsuccessful IPR petitioner from later arguing in a related patent infringement case that a "claim is invalid on any ground that the petitioner raised or reasonably could have raised during that [IPR]." 35 U.S.C. § 315(e)(2). The Federal Circuit ruled in *Shaw* that this estoppel provision does not apply to rejected, non-instituted grounds that were

included and thus raised in an IPR petition, but never instituted by the PTAB as part of the IPR. *Shaw Indus. Grp. Inc.*, 817 F.3d at 1300. The court in *Shaw* did not, however, address the circumstances presently before the court—when a litigant seeks to argue invalidity on non-petitioned grounds, grounds that it never included or raised in its IPR petition in the first place but reasonably could have.

In reaching its decision in *Shaw*, the Federal Circuit noted that estoppel applies to "any ground that the petitioner raised or reasonably could have raised *during* that [IPR]," thus applying its literal meaning. *Id.* (emphasis added). The Federal Circuit reasoned that an "IPR does not begin until it is instituted" by the PTO. *Id.* Therefore, according to the court in *Shaw*, a ground that is not instituted by the PTO could not have been reasonably raised *during* an IPR, and the petitioner is not estopped from arguing the ground in a later infringement action. *Id.*; *see also In re Cuozzo Speed Technologies, LLC*, 793 F.3d 1268, 1272 (Fed. Cir. 2015) ("IPRs proceed in two phases. In the first phase, the PTO determines whether to institute IPR. In the second phase, the Board conducts the IPR proceeding and issues a final decision." (citations omitted)). Accordingly, the court in *Shaw* held that § 315(e)(2)'s plain language "prohibit[ed] the application of estoppel" when the petitioner "did not raise—nor could it have reasonably raised—the

8

[rejected] ground *during* the IPR." *Shaw Indus. Grp., Inc.*, 817 F.3d at 1300 (emphasis in original).

## II. ANALYSIS

Plaintiffs seek to preclude Presidio from raising new, non-petitioned prior art references in this action based on § 315(e)(2). Both parties claim that a majority of district courts that have confronted this issue have applied *Shaw* as they argue it should be applied. The court finds, in any event, that a majority of district courts applying Federal Circuit precedent would not control this court's decision. Of course, the reasoning of sister courts are likely to be helpful to this court in reaching its decision. Plaintiffs assert that *Shaw* should be given a narrow interpretation to apply only to non-instituted grounds and cite to several district courts that have so ruled in circumstances similar to those before the court. (JSL at 2.) S*ee, e.g.*, *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 15-CV-0021, 2017 U.S. Dist. LEXIS 96909, at *8 (E.D. Va. June 5, 2017) (concluding that estoppel applies to non-petitioned grounds); *Biscotti Inc. v. Microsoft Corp.*, No. 13-CV-1015, 2017 U.S. Dist. LEXIS 144164, at *22-23 (E.D. Tex. May 11, 2017) (applying estoppel to non-petitioned grounds that the petitioner reasonably could have raised in its IPR petition), *adopted by* 2017 U.S. Dist. LEXIS 143675, at *4 (E.D. Tex. June 2, 2017); *iLife Techs., Inc. v. Nintendo of Am. Inc.*, No. 13-CV-

4987, 2017 U.S. Dist. LEXIS 87769, at *18-19 (N.D. Tex. May 30, 2017); *Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, No. 11-CV-492, 2017 U.S. Dist. LEXIS 178857, at *10-11 (E.D. Tex. Oct. 27, 2017); *Parallel Networks Licensing, LLC v. IBM Corp.*, No. 13-CV-2072, 2017 U.S. Dist. LEXIS 28461, at *27-30 (D. Del. Feb. 22, 2017); *Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 15-CV-1067, 2017 U.S. Dist. LEXIS 121102, at *17-27 (N.D. Ill. Aug. 2, 2017); *Douglas Dynamics*, 2017 U.S. Dist. LEXIS 58773, at *11-13.

Courts that have found *Shaw* applies only to non-instituted grounds, that is, courts that have estopped a petitioner from asserting invalidity grounds the petitioner did not, but could have *petitioned* for IPR, focus on the policy goals animating the IPR process and the estoppel provision. *See, e.g.*, *Network-1 Techs.*, 2017 U.S. Dist. LEXIS 178857, at *7 ("Limiting estoppel . . . would frustrate the litigation efficiencies the America Invents Act was designed to produce."); *Douglas Dynamics*, 2017 U.S. Dist. LEXIS 58773, at *13 ("This interpretation respects the statutory language and it is consistent with the legislative history, which clearly suggests that Congress intended IPR to serve as a complete substitute for litigating validity in the district court."). Some of those courts have reasoned that not estopping a party would allow "a second bite at the apple" and would negate any time or cost

savings intended to be generated by the IPR process. *Parallel Networks Licensing*, 2017 U.S. Dist. LEXIS 28461, at *30; *Cobalt Boats*, 2017 U.S. Dist. LEXIS 96909, at *8-9 ("It would waste this Court's time to allow a stay for a year during IPR proceedings and then review invalidity arguments that Defendants could (and perhaps should) have raised in their IPR petition.").

Defendant responds by citing to several courts that have extended the Federal Circuit's literal reading of 35 U.S.C. § 315(e)(2) in *Shaw*, and thus permitted a petitioner to raise non-*petitioned* grounds that were accordingly not among the grounds on which the PTAB instituted IPR. *See, e.g.*, *Intellectual Ventures I LLC v. Toshiba Corp.*, 221 F. Supp. 3d 534, 553-54 (D. Del. 2016) (applying *Shaw* to non-petitioned grounds but noting that such a result "confounds the very purpose of this parallel administrative proceeding"); *Koninklijke Philips N.V. v. Wangs All. Corp.*, No. 14-CV-12298 2018 WL 283893, at *4 (D. Mass. Jan. 2, 2018) ("The broader reading of the estoppel provision is foreclosed by *Shaw*."); *Finjan, Inc. v. Blue Coat Sys., LLC*, 283 F. Supp. 3d 839, 856-57 (N.D. Cal. 2017); *see also Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-CV-5501, 2017 WL 235048, at *3 (N.D. Cal. Jan. 19, 2017) (collecting cases). *Cf. HP Inc. v. MPHJ Tech. Invs., LLC*, 817 F.3d 1339, 1347 (Fed. Cir. 2016) (holding estoppel provision in 35 U.S.C. § 315(e)(1), with identical

11

"raised or reasonably could have raised during the [IPR]" language, did not apply to non-instituted grounds).[1]

The court finds that *Shaw* does not foreclose plaintiffs' position that non-petitioned grounds are subject to § 315(e)(2)'s estoppel provision. Indeed, *Shaw* dealt only with petitioned but non-instituted grounds, and the Federal Circuit has not considered estoppel for non-petitioned grounds. *See Oil-Dri Corp. of Am.*, 2017 U.S. Dist. LEXIS 121102, at *19 ("*Shaw* . . . focused on noninstituted grounds rather than nonpetitioned grounds . . . [t]hus, there is no binding case that is directly on point.") Although *Shaw*'s reasoning has been extended by some district courts to non-petitioned grounds because non-petitioned grounds literally could not have been raised *during* IPR, for this court to so hold would render the estoppel provision meaningless. *See Cobalt Boats*, 2017 U.S. Dist. LEXIS 96909, at *8 ("[T]he broad reading of *Shaw* renders the IPR estoppel provisions essentially meaningless because parties may pursue two rounds of invalidity arguments as long as they carefully craft their IPR petition."); *cf. Intellectual Ventures I*, 221 F. Supp. 3d 534, 553-54 ("Although extending the [Federal

---

[1] The PTAB similarly takes this approach when considering successive IPR petitions under 35 U.S.C. § 315(e)(1). *Great W. Cas. Co. v. Intellectual Ventures II LLC*, IPR No. 2016-01534, Paper No. 13, at 10, 11-14 (PTAB Feb. 15, 2017) ("[T]he Board's determination not to institute an [IPR] . . . is not a final written decision . . . and thereby does not trigger the estoppel provisions under 35 U.S.C. [§] 315(e).")

12

Circuit's] logic [in *Shaw*] to prior art references that were never presented to the PTAB at all (despite their public nature) confounds the very purpose of this parallel administrative proceeding, the court cannot divine a reasoned way around the Federal Circuit's interpretation in *Shaw*."), *reconsideration denied*, 2017 WL 107980, at *1 (D. Del. Jan. 11, 2017).

Although various district courts have ruled in a manner favorable to either parties' positions, given the dearth of guidance from the Federal Circuit, this court finds persuasive the reasoning in *Milwaukee Electric Tool, Corp. v. Snap-On Inc.*, 271 F. Supp. 3d 990 (E.D. Wisc. 2017), and *Oil Dri Corp. of America*.

The court in *Milwaukee Electric Tool* sought to preserve some of the policy goals supporting the creation of IPR in holding "that a petitioner is estopped from asserting invalidity contentions based on prior art that it could reasonably have included in its IPR petition but did not." *Milwaukee Elec. Tool*, 271 F. Supp. 3d at 1029. The court explained that a petitioner who raises grounds that are not instituted, "to no fault of its own," has not had a full hearing on the merits of its invalidity contentions. *Id.* (quoting *Oil-Dri Corp. of Am.*, 2017 U.S. Dist. LEXIS 121102, at *23); *see also Verinata Health, Inc.*, 2017 WL 235048, at *3 ("Indeed, limiting IPR estoppel to grounds actually instituted ensures

that estoppel applies only to those arguments, or potential arguments, that received (or reasonably could have received) proper judicial attention.") Conversely, a petitioner that chooses not to raise certain invalidity grounds in its IPR petition only has itself to blame. *See Oil-Dri Corp. of Am.*, 2017 U.S. Dist. LEXIS 121102, at \*26 ("[T]he fairness and due process concerns that arise in the context of noninstituted grounds . . . do not exist in the context of nonpetitioned grounds.") The *Milwaukee Electric Tool* court concluded that a petitioner is subject to IPR estoppel when it fails to raise those grounds it "reasonably could have raised" in its IPR petition. *Milwaukee Elec. Tool*, 271 F. Supp. 3d at 1029; *see also Oil-Dri Corp. of Am.*, 2017 U.S. Dist. LEXIS 121102, at \*22-23 ("[I]f a party does not include an invalidity ground in its petition that it reasonably could have included, it necessarily has not raised a ground that it 'reasonably could have raised during [that IPR].'")

Presidio's view of § 315(e)(2) would only trigger estoppel in the odd situation when a petitioner raises a ground in a petition, the PTAB subsequently institutes IPR on that ground, the petitioner then chooses not to argue invalidity on that ground during the IPR, but once again changes course to raise that invalidity ground in federal court. Such a capricious strategy is hard to fathom, and indeed warrants

14

estoppel, but is hardly the only inefficiency the AIA and IPR intended to counter. *See Oil-Dri Corp. of Am.*, 2017 U.S. Dist. LEXIS 121102 at *23-24 ("The Court has difficulty understanding why a party would pursue such a strategy.")  As the court in *Oil-Dri Corp. of America* reasoned, the policy goals driving the creation of the IPR process support a broader interpretation of the estoppel provision of § 315 as the narrow interpretation "invites parties to take 'a second bite at the apple'" and would "hardly promote[] efficiency or reduce[] the burden on federal courts."  *Id.* at *25.

This court agrees with the *Milwaukee Electric Tool* and *Oil-Dri Corp. of America* courts, and thus holds that Presidio is barred by the estoppel provision of § 315 and, thus, may not supplement its invalidity contentions to raise grounds that it reasonably could have raised in its IPR petition challenging the '547 Patent.  When a party chooses to seek IPR, but only on certain grounds, that choice comes with consequences, notably the risk of estoppel under § 315(e)(2).  *See iLife Techs.*, 2017 U.S. Dist. LEXIS 87769, at *18-19 ("[Defendant] should have presented 'all of its best evidence.' . . . 'In exchange for the expedited adjudication of its best case,' [defendant] surrendered the right to judicial review of its secondary grounds for invalidity.'" (quoting *Douglas Dynamics*, 2017 U.S. Dist. LEXIS 58773, at *5)).  Accordingly, the court declines to

15

reopen discovery so that Presidio can serve new invalidity contentions on grounds that it could have, but chose not to, raise in its IPR petition challenging the '547 Patent.

## CONCLUSION

For the foregoing reasons, the court denies Presidio's request to supplement its invalidity contentions and serve a revised expert invalidity report.

**SO ORDERED.**

Dated: January 30, 2019
      Brooklyn, New York

                                  /s/
                             **HON. KIYO A. MATSUMOTO**
                             United States District Judge
                             Eastern District of New York